IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Selective Insurance Company of America, | Civil Action No.:4:18-cv-00431-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Hester Drywall, LLC; HW Glass, LLC a/k/a HWGlass, LLC; Hester Properties Village, LLC; James C. Hester a/k/a Jim Hester; and Shannon E. Hester; | |
| Defendants. | |

Plaintiff Selective Insurance Company of America ("Selective") is in the business of providing commercial insurance coverage to its customers. Selective filed a Verified Complaint[1] in this Court against the above-named Defendants for damages alleged to have resulted from the breach of several indemnity agreements. Within the Complaint, Selective asserted claims for specific performance of the contracts, enforcement of collateral security requirements, notification requirements to third parties, indemnification, exoneration and breach of contract against the Defendants. [ECF #1]. All of these claims are alleged to have arisen out of the conditions set forth under two indemnity agreements executed by Defendants.[2] On July 19, 2018, Selective filed its First Motion for Partial Summary Judgment as to liability only. [ECF #22]. On August 2, 2018, Defendant James C. Hester and Shannon E. Hester filed a Suggestion of Bankruptcy,

---

[1] The Complaint is verified by Gerald N. Carozza, Jr. who is the Assistant Vice President, Bond Counsel, and Claims Manager for Plaintiff. [ECF #1-1].

[2] Only Defendant Shannon E. Hester denies signing either of the agreements in question.

arguing that this action has been stayed by operation of 11 U.S.C. § 362. [ECF #23]. On October 9, 2018, this Court issued an Order staying this case pursuant to 11 U.S.C. § 362 as to Defendant James C. Hester and Shannon E. Hester only. [ECF #26]. Accordingly, the Motion for Partial Summary Judgment is stayed as to these two Defendants. As to the other Defendants, Selective asserts that, as a matter of law, Defendants Hester Drywall, LLC; HW Glass, LLC a/k/a HWGlass, LLC; and Hester Properties Village, LLC (the "Hester Defendants"), are liable to Selective for damages and other remedies under the express terms of the two indemnity agreements in question. The Hester Defendants did not file a response to the Motion for Partial Summary Judgment. However, all parties have had the opportunity to brief the issues raised in the motions, and this Court has thoroughly considered all pleadings filed in this case, including the Answer filed by all Defendants.[3] This Court now issues the following Order.

## Factual Background and Procedural History

According to the allegations within the Verified Complaint, and as admitted in the Answer, Hester Drywall is a construction company engaged in contracting business related to public and private construction. [ECF #1, ¶ 24; ECF #11, ¶ 8]. On or about February 5, 2013, Defendants Shannon and James C. Hester executed a General Agreement of Indemnity (the "2013 Indemnity Agreement") with Selective in order to obtain surety bonds for Defendant Hester Drywall. [ECF #1, ¶ 24; ECF #11, ¶ 8]. The 2013 Indemnity Agreement is executed by Mr. and Ms. Hester in their individual capacities, as well as by James C. Hester, in his capacity as the President of

---

[3] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

2

Hester Drywall, Inc., the managing member of HW Glass, LLC and as a member of Hester Properties Village, LLC (collectively, the "Indemnitors"). [ECF #22-2, Ex. 1]. The 2013 Indemnity Agreement, is attached as Exhibit A to the Verified Complaint [ECF #1-2, Ex. A], and is also attached to the Motion as Exhibit 1. [ECF #22-2, Ex. 1]. On January 25, 2017, the Indemnitors executed another General Agreement of Indemnity (the "2017 Indemnity Agreement"). The 2017 Indemnity Agreement is attached to the Complaint as Exhibit B [ECF #1-3, Ex. B] and to the Motion as Exhibit 1. [ECF #22-2, Ex. 1]. Defendant Shannon Hester denies executing either of these Agreements. [ECF #11, ¶¶ 6-7]. The remaining Defendants admit to the execution of these Agreements. [ECF #11, ¶¶ 6-7]. According to the allegations within the Complaint, and as admitted by the Hester Defendants, Under both the 2013 and the 2017 Indemnity Agreements (collectively, the "Indemnity Agreements"), the Indemnitors agreed to be held jointly and severally liable to deposit collateral security with Selective in an amount equal to any reserve amount established by Selective in connection with surety bonds issued by Selective on behalf of Hester Drywall. [ECF #1; ECF #22-2, Ex. 1; ECF #11, ¶¶ 8, 21, 34]. The Hester Defendants further admit that the Indemnity Agreements also contain terms and conditions stating that the Indemnitors agreed that, "their failure to provide collateral as demanded by Surety [Selective] shall constitute irreparable harm to Surety." [ECF #1; ECF #22-2, Ex. 1; ECF #11, ¶ 8]. The Hester Defendants acknowledge that the Indemnity Agreements provide that Selective, as surety, may obtain a judgment against each or any of the indemnitors for the amount of the collateral demand plus the cost of obtaining the judgment. [ECF #22-2; Ex 1; ECF #11, ¶ 8].[4] Selective's Motion

---

[4] In their Answer, the Hester Defendants admit that the 2013 and 2017 Indemnity Agreements provide that they agreed jointly and severally to the majority of the terms found within the Agreements.

3

for Partial Summary Judgment as to liability is based upon the terms and conditions found within the 2013 and 2017 Agreements.

According to Selective, on or about November 19, 2015, an entity known as Metcon/TA Loving A Joint Venture ("Metcon") entered into four AIA Document A142-2014 construction contracts with FirstFloor Energy Positive, LLC for the purpose of constructing several public schools for the Horry County School District (the "School Project"). [ECF #22, p. 3.]. One of the conditions of the contracts was for Metcon to post surety performance/payment bonds in favor of FirstFloor Energy Positive, LLC. [ECF #22, p. 3]. Metcon therefore entered into a number of subcontracts with various subcontractors, one of which was Defendant Hester Drywall. [ECF #22, p. 3]. In total, Hester Drywall entered into five subcontract agreements with Metcon related to the School Project, three of which were executed on June 28, 2016, and two of which were executed on August 18, 2016. [ECF #1, ¶¶ 27-32; ECF #11, ¶ 11] Among other requirements, the five subcontract agreements all required Defendant Hester Drywall to procure subcontract performance and payment bonds in favor of Metcon for the work being performed on the School Project. [ECF #1, ¶ 32; ECF #11, ¶ 11].

At Defendant Hester Drywall's request, and pursuant to the 2013 and 2017 Indemnity Agreements, Selective, as surety, issued several payment bonds and performance bonds (the "Selective Bonds") in favor of Metcon for Defendant Hester Drywall's work to be performed on the School Project. [ECF #1, ¶ 33; ECF #11, ¶ 12];[5] [ECF #22-3, Aff. of Jonathan Panico, the Senior Bond Claim Representative of Selective, ¶ 6]. A copy of the Selective Bonds are attached

---

[5] In the Answer, Mrs. Hester denies this allegation; however the other Defendants admit this allegation.

to the Motion as Exhibit 5. [ECF #22-6, Ex. 5]. The Selective Bonds covered the performance of Hester Drywall's drywall work. [ECF #22-3, Aff. of Panico, ¶ 9]. Hester Drywall then set out to comply with the subcontract agreements and to perform certain drywall work in connection with the School Project. [ECF #1, ¶ 35; ECF #11, ¶ 14]. According to the discovery responses provided by the Hester Defendants, at some point in the construction of the School Project, the scheduled timeline for the construction of the School Project changed, such that rather than working on one school at a given point in time, Hester Drywall would be expected to perform drywall work on more than school at the same time. [ECF #22-7; Ex. 6]. According to the discovery responses, Hester Drywall became unable to timely pay its employees their earned wages due to the failure of Metcon to timely execute and pay promised change orders related to the School Project. [ECF #22-7; Ex. 6, p.5]. This resulted in Hester Drywall's eventual default under the subcontract agreements with Metcon. [ECF #22-7; Ex. 6, p. 5]. On or around July 31, 2017, Metcon sent Defendant Hester Drywall several Notices of Termination, terminating the subcontract agreements under which Defendant Hester Drywall was performing work on the School Project. ECF #1,¶ 36; ECF #11, ¶ 14]. Selective attached copies of the Notices of Termination to its Motion. [ECF #22-12, Ex. 11]. Metcon sent these Notices of Termination due to Hester Drywall's default of work obligations under the terms of the subcontract agreements in place. [ECF #22-12, Ex. 11; ECF #11, ¶ 14].

Once Selective was advised that Hester Drywall had ceased operations and defaulted on the Hester Drywall subcontract agreements and Metcon had terminated the company from performing work on the project, Selective sought to minimize any disruption to the progress of

the School Project. [ECF #1; ¶ 37; ECF #11; ¶ 14]. Selective brought suit against the Hester Defendants for, among other things, breach of the 2013 and 2017 Indemnity Agreements, and now seeks summary judgment as to liability under these Indemnity Agreements.

## **Standard of Review**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986))**.**

The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable

6

issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

## **Discussion**

Selective argues it is entitled to summary judgment as a matter of law with respect to the issue of liability under the 2013 and 2017 Indemnity Agreements. Selective argues that because the Hester Defendants have either admitted or failed to deny all of the relevant allegations, the only real dispute existing between the parties is the amount of damages, if any, which will ultimately be assessed against Defendants in this case.

Selective has asserted several claims against all Defendants. As previously stated, this Court will consider this Motion only as it pertains to the Hester Defendants, as this action against

James and Shannon Hester is stayed pursuant to 11 U.S.C. § 362 of the bankruptcy code. The claims brought by Selective all arise out of the terms, conditions, and requirements under the 2013 and 2017 Indemnity Agreements. Here, the Hester Defendants filed an Answer admitting to the relevant allegations regarding their liability under the 2013 and 2017 Indemnity Agreements. Within Defendants' responses to the interrogatories propounded by Selective, Defendants admit that Hester Drywall defaulted on its obligations under the subcontract agreements. Defendants further state that they do not contend that they are not in default of the 2013 and 2017 Indemnity Agreements. [ECF #22-7, Ex. 6, p. 7]. Therefore, a review of the pleadings and the record before this Court show there are no disputed facts as to the enforcement and applicability of the 2013 and 2017 Indemnity Agreements.

Defendants are generally bound by their admission in pleadings of the relevant allegations addressing liability. *See* Fed. R. Civ. P. 8(b)(1)-(6); *Congaree Riverkeeper, Inc. v. Carolina Water Service, Inc.*, 248 F. Supp.3d 733, 750 (D.S.C. 2017) (citing *Lucas v. Burnley*, 879 F.2d 1240, 1242 (4th Cir. 1989). To date, the Hester Defendants have not filed a response to this Motion. Nor have they otherwise claimed that their admissions in the Answer should not be binding. The only affirmative defense raised in the Answer was that the Complaint failed to state sufficient facts to constitute a claim for recovery of expenses of litigation and/or attorney's fees. [ECF #11]. The Hester Defendants have admitted to the execution of the 2013 and 2017 Indemnity Agreements, which were attached to Plaintiff's Verified Complaint, and cited within the Verified Complaint. [ECF #1]. The Hester Defendants do not contend that they are not in default under the terms of the 2013 and 2017 Indemnity Agreements. Accordingly, this Court finds that there

is no genuine issue of material fact as to liability of the Hester Defendants under the 2013 and 2017 Indemnity Agreements. Plaintiff's Motion is therefore granted as to the Hester Defendants only.

## Conclusion

The Court has thoroughly reviewed the entire record, including all pleadings and motions filed in this case. For the reasons stated above, Plaintiff's Partial Motion for Summary Judgment as to Liability [ECF #22] is **GRANTED** as to Defendants Hester Drywall, LLC; HW Glass, LLC a/k/a HWGLASS, LLC; and Hester Properties Village, LLC only.

**IT IS SO ORDERED.**

Florence, South Carolina  
January 30, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge